IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HENRY MOUNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 04-365-JPG |
| | ) |
| RAKESHA CHANDRA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

In a separate order, the Court has completed a review of the complaint pursuant to 28 U.S.C. § 1915A. Several motions remain pending this action, as addressed below.

**APPOINTMENT OF COUNSEL (DOC. 9)**

There are five factors which a district court should consider in ruling on a request to appoint counsel. Those factors are (1) whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) capability of the indigent to present the case; and (5) the complexity of the legal issues raised by the complaint. *See Merritt v. Faulkner*, 697 F.2d 761 (7th Cir. 1983), *cert. denied*, 464 U.S. 986 (1983); *McKeever v. Israel*, 689 F.2d 1315 (7th Cir. 1982); *Maclin v. Freake*, 650 F.2d 885 (7th Cir. 1981); *Wilson v. Duckworth*, 716 F.2d 415 (7th Cir. 1983).

The surviving claims in this action primarily involve the use of excessive force and the denial of medical treatment; the law governing these Eighth Amendment claims is well settled. *See , e.g.,*

*Estelle v. Gamble*, 429 U.S. 97 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).  Plaintiff does not need to pore over law books to obtain additional precedent.  His ability to succeed on his claim will rest entirely upon the facts presented on a motion for summary judgment or at trial.

The complaint indicates that Plaintiff is competent to read, express his thoughts in writing and follow directions generally.  Although he may be unskilled in the law with minimal understanding of court proceedings, most *pro se* litigants are similarly disadvantaged.  In this Court, persons representing themselves are not penalized for failing to know the rules applying to their cases.  In most instances, if proper procedure is not followed, the *pro se* litigant is directed to the relevant rule and given a second opportunity to comply.

Therefore, applying the above standards to the instant case, the Court finds that appointment of counsel is not warranted.  Accordingly, Plaintiff's motion for appointment of counsel is **DENIED**.

### SUMMARY JUDGMENT AND/OR DECLARATORY JUDGMENT (DOC. 8)

In this motion, Plaintiff seeks summary judgment, presumably pursuant to Rule 56 of the Federal Rules of Civil Procedure.  However, Defendants have not yet been served with the complaint in this action, and a request for summary judgment is premature.  This request is therefore **DENIED**.

> As for a declaratory judgment, the Declaratory Judgment Act states:
>
> > In a case of actual controversy within its jurisdiction ... any court of the United States upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201.  The Court finds that this request is also premature, and it is **DENIED**.

**MOTION FOR TEMPORARY RESTRAINING ORDER AND HEARING (DOC. 10)**

In this motion, Plaintiff seeks issuance of a temporary restraining order (TRO), which is an order issued without notice to the party to be enjoined that may last no more than ten days. A TRO may issue without notice

> only if (1) it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

FED.R.CIV.P. 65(b). Without expressing any opinion on the merits of any other of Plaintiff's claims for relief, the Court is of the opinion that a TRO should not issue in this matter. Plaintiff's allegations do not set forth specific facts demonstrating the likelihood of immediate and irreparable harm *before Defendants can be heard*. Accordingly, the request for issuance of a temporary restraining order, or for a hearing on this motion, is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 8, 2006.

                                            s/ J. Phil Gilbert
                                            U. S. District Judge