UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HENRY MOUNSON,

    Plaintiff,

v.

RAKESHA CHANDRA, *et al.*,

    Defendants.

Case No. 04-cv-365-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on three Reports and Recommendations of Magistrate Judge Wilkerson (Docs. 82, 83 and 84).[1] In his Report and Recommendation at Doc. 82 (R&R 82), Judge Wilkerson recommends that summary judgment be granted on the merits in favor of Defendant Kwasniewski on Plaintiff Henry Mounson's claim that she was deliberately indifferent to his serious medical needs in that she did not place him on "watch" to prevent him from hurting himself. Also in R&R 82, Judge Wilkerson recommends that summary judgment be granted on the merits in favor of Defendants Clover and Couch on Mounson's claims that they subjected him to unconstitutional conditions of confinement.

In his Report and Recommendation at Doc. 83 (R&R 83), Judge Wilkerson recommends that summary judgment be granted in favor of Defendants Folsom and Hilliard on Mounson's claim that they used excessive force against him, because Mounson failed to exhaust his administrative remedies as to this claim. Judge Wilkerson also recommends in R&R 83 that

---

[1]The Court shares Judge Wilkerson's assessment that, although the unrelated claims in this case should have been severed out under *George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007), due to the advanced stage of this litigation, judicial efficiency is best served by going forward with the case as a whole.

1

summary judgment be granted in favor of Defendants Osman and Hosch on Mounson's claim that they denied him access to the courts, because Mounson failed to exhaust his administrative remedies as to this claim. In R&R 83, Judge Wilkerson further recommends that summary judgment be granted in favor of Defendants Folsom and Hilliard on Mounson's claim that they retaliated against him, because Mounson failed to exhaust his administrative remedies as to this claim. Judge Wilkerson also recommends in R&R 83 that summary judgment be granted on the merits in favor of Defendant Caliper on Mounson's claim that she was deliberately indifferent to his serious medical needs in that she did not order that he undergo a liver biopsy or recommend that he be placed on an experimental drug therapy. Finally, in R&R 83, Judge Wilkerson recommends that summary judgment be granted on the merits in favor of Defendants Wright, Stewart and Neighbors on Mounson's claim that they used excessive force in the course of placing him in protective restraints.

In his Report and Recommendation at Doc. 84 (R&R 84), Judge Wilkerson recommends that summary judgment be granted on the merits in favor of Defendant Powers on Mounson's claim that Powers was deliberately indifferent to Mounson's serious medical needs in that he did not order that Mounson undergo a liver biopsy or place Mounson on an experimental drug therapy. Judge Wilkerson further recommends in R&R 84 that summary judgment be granted on the merits in favor of Defendant Chandra on Mounson's claim that he used excessive force when he ordered Mounson be placed in protective restraints. In R&R 84, Judge Wilkerson also recommends that summary judgment be granted on the merits in favor of Defendant Walton on Mounson's claim that she used excessive force when she inserted a urinary catheter. Finally, Judge Wilkerson recommends in R&R 84 that summary judgment be granted on the merits in

favor of Defendants Chandra, Stevens and Pepper on Mounson's claims that they subjected him to unconstitutional conditions of confinement.

**Standard of Review**

After reviewing a magistrate judge's report and recommendation, the Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report. Fed. R. Civ. P. 72(b). The Court must review *de novo* the portions of the report to which objections are made. "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Mounson filed an objection to the R&Rs in which he reiterates his request for appointed counsel in order to properly prosecute this action. Mounson argues that he is ill with cancer and the attendant treatment he is undergoing, and has thus been unable to respond to Defendants's summary judgment motions. The Court notes that Mounson, in fact, did respond to the motions, attaching records he asserts prove that Defendants Powers and Caliper acted with deliberate indifference to his serious medical condition, hepatitis C. He also argued that the attachments to his response showed that he was prevented from exhausting his administrative remedies. The R&Rs submitted by Judge Wilkerson took these documents and arguments into account. The Court construes Mounson's objection as a reiteration of the objections he raised in his brief in response to Defendants's summary judgment motions.[2]

---

[2]The Court will briefly address Plaintiff's continuing insistence on his need for appointed counsel. In the Court's Order of March 20, 2006, the Court explained to Plaintiff that there is no absolute right to appointment of counsel in a civil case. The Court further laid out the relevant factors a district court considers when ruling on a motion to appoint counsel. The Court concluded that Plaintiff's claims of use of excessive force and denial of medical treatment

3

ANALYSIS

I.   **Deliberate Indifference Claim Against Dr. Powers**

Mounson objects that he has presented evidence from which a trier of fact could reasonably find that Dr. Powers was deliberately indifferent to Mounson's serious medical needs in violation of the Eighth Amendment.

   A.   **Facts**

Mounson was diagnosed with Hepatitis-C in 1998. Since that time, medical personnel at Tamms have periodically drawn his blood and tested Mounson's blood aminotransferase levels (ALT). Elevated ALT levels are an indicator that the hepatitis-C virus is causing liver damage. Between 2000 and April 2007, lab reports indicate that Mounson's ALT levels were either normal or slightly elevated. In addition to the blood draws, Dr. Powers periodically conducts a physical exam, palpitating Mounson's liver and checking for jaundice. Dr. Powers avers that Mounson shows no symptoms of hepatitis-C, and therefore, treatment is not indicated. Mounson counters that he is entitled to more than "only having my stomach touched or felt on by M.D. Powers every 6 months to a year and to have my blood drawn every six months." He contends that the literature he has read regarding hepatitis-C indicates that a liver biopsy is the most accurate way to assess whether or not the virus has damaged the liver. He contends that Dr. Powers's refusal to perform a biopsy constitutes cruel and unusual punishment in violation of the

---

involved well settled matters of law, requiring minimal legal research. The Court added that Plaintiff's ability to succeed on his claims would rest entirely upon the facts presented on a motion for summary judgment or at trial. The Court concluded that Plaintiff was competent to read, express his thoughts in writing and follow directions generally. And, in fact, Plaintiff has responded to Defendants's motions for summary judgment appropriately, making arguments and presenting evidence in support of those arguments.

Eighth Amendment.

B.  Discussion

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment in violation of the Eighth Amendment. *Estelle v. Gamble,* 429 U.S. 104 (1976). In order to prevail on this claim, the plaintiff must show that his condition was "objectively, sufficiently serious" and that "prison officials acted with a sufficiently culpable state of mind." *Greeno v. Daley*, 414 F.3d 645, 652-53 (7th Cir. 2005) (internal citations omitted). A prisoner raising an Eighth Amendment claim must show that he not only suffered, but that prison officials inflicted the suffering, either deliberately or recklessly. *Duckworth v. Franzen*, 780 F.2d 645, 652-53 (7th Cir. 1985). Negligence, gross negligence, or even recklessness as the term is used in tort cases is not enough; the conduct must be reckless in the criminal sense. *Farmer v. Brennan*, 511 U.S. 825, 836-37 (1994); *Duckworth*, 780 F.3d at 653; *Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987). Furthermore, the Eighth Amendment does not entitle a prisoner to "demand specific care." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Here, while hepatitis-C is certainly an objectively serious medical condition, Mounson cannot prevail on his claim of deliberate indifference because there is no evidence that Dr. Powers acted with a sufficiently culpable state of mind. Mounson concedes that he is periodically tested to determine whether he has sustained liver damage and whether he should begin treatment for hepatitis-C. He simply argues that the tests performed by Dr. Powers are not the optimal ones for diagnosing liver damage. Dr. Powers is providing Mounson with care; he simply refuses to provide the specific care demanded by Mounson. This does not rise to the

5

level of a constitutional violation. Summary judgment is appropriate for this claim.

## II.     Deliberate Indifference Claim Against Caliper

Mounson asserts that Defendant Caliper, although not a doctor, has been instrumental in denying him the liver biopsy he requests. First, he claims that Caliper is a witch in league with Satan who is controlling the decisions of those around her, including Dr. Powers. Caliper allegedly uses these mind control powers in order to convince Dr. Powers to not conduct a liver biopsy on Mounson. Mounson also asserts that Caliper has stolen or otherwise prevented Dr. Powers from seeing Mounson's grievances. As evidence, he points to the fact that Caliper has signed the responses to Mounson's grievances regarding the treatment he has been receiving for his hepatitis-C.

First, Mounson's claims that Caliper is a witch in league with Satan who controls the minds of the medical staff are not based on personal knowledge and are therefore, insufficient to defeat summary judgment. Fed. R. Civ. P. 56(e); *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir.2003). Additionally, such claims do not raise a genuine issue of material fact, making them insufficient to defeat summary judgment, Fed. R. Civ. P. 56(c); *Payne*, 337 F.3d at 773, because the constitution does not entitle a prisoner to "demand specific care." *Forbes*, 112 F.3d at 267. Defendants do not violate the Eighth Amendment merely by providing less-than-optimal treatment. Defendants have presented evidence that the diagnostic tools they use to monitor Mounson's hepatitis-C, that is blood tests and physical examinations, are adequate. Mounson's Eighth Amendment rights have not been violated, regardless of the reason Defendants choose the diagnostic tools they did. Defendant Caliper is, therefore, entitled to summary judgment on the deliberate indifference claim against her.

## III. Claims Dismissed for Failure to Exhaust Administrative Remedies

Mounson claims that he was prevented from exhausting his administrative remedies by the collusive efforts of "all wardens and assistant wardens, early case intervention coordinator, Michelle Baggott, paralegals, Toma Osman, Joanna Hosch, counselors, David Taylor, Ruben Jiminez, Karen Elder, Sally Ramsey, etc..." who stole or refused to answer his grievances. Such "flights of fancy" not grounded in observation are insufficient to defeat summary judgment. *Payne*, 337 F.3d at 773 (quoting *Visser v. Packer Eng'g Assoc.*, 924 F.2d 655, 659 (7th Cir.1991) (en banc)). Additionally, Mounson presented evidence that he was able to successfully exhaust his administrative appeals on some claims during the relevant time period, undermining his speculative theory that there exists a grand conspiracy to prevent him from appealing his grievances. Defendants presented competent evidence to show that Mounson did not fully exhaust his administrative remedies on certain claims. Mounson presented no evidence to raise a question of material fact as to that issue. Therefore, summary judgment is appropriate on those claims.

## IV. Unobjected Portions of the R&Rs

The Court has reviewed the unobjected portions of the R&Rs for clear error and has found none. Judge Wilkerson correctly considered all evidence in the light most favorable to Mounson and correctly determined that there remain no material disputes of fact requiring a trial. Defendants have met their burden of establishing that summary judgment in their favor is appropriate on all claims. The Court therefore, accepts the three R&Rs in their entirety.

## CONCLUSION

The Court **ACCEPTS** in their entirety Judge Wilkerson's Reports and Recommendations

(Docs. 82, 83 and 84). The Court **GRANTS** Defendants's Motions for Summary Judgment (Docs. 51, 57 and 59). The Court **DENIES** as moot Plaintiff's Motion to Appoint Counsel (Doc. 81). The Clerk is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: July 9, 2009**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**